**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JOHN KEVIN STANLEY,
*Defendant-Appellant.*

No. 03-4682

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James P. Jones, District Judge.
(CR-03-26)

Submitted: March 19, 2004

Decided: April 21, 2004

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Gregory M. Kallen, Big Stone Gap, Virginia, for Appellant. John L. Brownlee, United States Attorney, Rick A. Mountcastle, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

John Kevin Stanley appeals from his conviction for being a felon in possession of a firearm. He contends that the district court erred by permitting cross-examination of Stanley's wife regarding an eight-year-old domestic violence incident and by failing to insure an adequate jury panel. He also challenges the district court's order denying his motion for release pending appeal.

Stanley argues that the testimony of his wife, Gennie, regarding the details of a domestic violence incident, for which Stanley was convicted, was unduly prejudicial under Fed. R. Evid. 403. Rule 403 provides that: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Under Rule 403, "[p]rejudice . . . refers to evidence that has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997); *see United States v. Van Metre*, 150 F.3d 339, 351 (4th Cir. 1998) (interpreting Rule 403 to require exclusion of evidence only in those instances where the trial judge believes "that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence").

However, decisions regarding the admission or exclusion of evidence are committed to the sound discretion of the district court and will not be reversed absent an abuse of discretion. *United States v. Lancaster*, 96 F.3d 734, 744 (4th Cir. 1996). In addition, even if the evidence was improperly admitted, we review it for harmless error. Fed. R. Crim. P. 52(a). An error is harmless if the appellate court can say "with fair assurance after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not swayed by the error." *United States v. Urbanik*, 801 F.2d 692, 698 (4th Cir. 1986). In determining whether an error substantially swayed the verdict, this Court considers: "(1) the centrality of the issue affected by the error; (2) the steps taken to mitigate the effects of the error; and (3) the closeness of the case." *United States v. Ince*, 21 F.3d 576, 583 (4th Cir. 1994).

Here, the jury was instructed that Stanley's prior convictions should only be used to judge his credibility rather than his propensity to commit crimes. Cautionary instructions are presumed to be effective in dispelling any unwarranted jury conclusions. *See Van Metre*, 150 F.3d 339 at 351-52. In addition, the fact of the conviction was already before the jury, even in the absence of Gennie's testimony. Moreover, the case as a whole was not a close one. Two firearms were found in Stanley's home. He saw at least one of them on a daily basis, and he admitted that he had access to the entire house and that he owned all the possessions in the house jointly with his wife. Because constructive possession is established if it is shown "that the [D]efendant exercised, or had the power to exercise, dominion and control over the item," *United States v. Rusher*, 966 F.2d 868, 878 (4th Cir. 1992), any error in this case was harmless. Even if the jury was affected by the domestic violence evidence, it likely had no effect on the final judgment.

Stanley next argues that, after jurors were struck for cause, the remaining jury pool of 25 jurors was inadequate. In felony cases, Federal Rule of Criminal Procedure 24(b)(2) affords the Government six peremptory challenges and the defendant ten peremptory challenges. The Government waived three of its challenges to ensure a proper jury of twelve. Because a full complement of sixteen challenges would not have left an adequate number of jurors, Stanley contends that he was deprived of the opportunity to view and question several jurors who might have been favorable to him.

Peremptory challenges are "auxiliary" to the Sixth Amendment right to an impartial jury; they are not themselves constitutionally guaranteed. *United States v. Martinez-Salazar*, 528 U.S. 304, 311 (2000). The right to peremptory challenges in federal criminal trials is statutory and is governed by Rule 24. *Id.* Moreover, not every violation of Rule 24 calls for reversal. A violation of the rule constitutes reversible error only if it affected the defendant's rights and caused actual prejudice. *United States v. Love*, 134 F.3d 595, 601 (4th Cir. 1998).

Rule 24(b) prescribes the number of peremptory challenges that must be allowed in criminal trials but says nothing about the method by which such challenges are to be exercised. *United States v. Del-*

*gado*, 350 F.3d 520, 524 (6th Cir. 2003). District courts are thus free to use any method that does not prevent defendants from intelligently exercising the challenges to which they are entitled. *Id.* Further, the inability of a defendant to "make maximum strategic use of their peremptory challenges" does not invalidate a district court's method of exercising peremptories. *Id.*

The value of Stanley's peremptory challenges was not diluted by the Government's waiver of three challenges. In fact, Stanley's own challenges became more valuable. Instead of having ten of sixteen challenges (63%), he had ten of only thirteen challenges (77%). *See United States v. Wilson*, 355 F.3d 358, 363 (5th Cir. 2003) (relying on a defendant's challenge percentage to determine whether Rule 24 was violated); *see also United States v. Ricks*, 802 F.2d 731, 733 (4th Cir. 1986) (noting that peremptory challenges become *less* effective when the venire number increases). Furthermore, Stanley does not contend that his jury lacked impartiality. Because Stanley actually was granted more ability to shape the jury than Rule 24 anticipated, because he makes no showing of prejudice, because Rule 24 does not require a minimum number of jurors in the jury pool, and because Rule 24 does not prohibit waiver, we find that his claim is without merit.

Finally, Stanley renews his motion for release pending appeal, which was denied by the district court. Because, as discussed above, his claims are not likely to result in reversal, he is not entitled to release. *See* 18 U.S.C. § 3143(b) (2000).

For the foregoing reasons, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*